NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-156-HRW

KEVIN WONGUS                                                                                         PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

T.R. CRAIG, Warden                                                                                   DEFENDANT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Kevin Wongus, an individual presently confined at the Federal Correctional Institution ("FCI") in Ashland, Kentucky, has filed a *pro se* civil rights complaint under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), together with a motion to proceed *in forma pauperis*. The motion will be granted by separate Order.

The complaint is before the Court for initial screening.[1]  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

---

[1] This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition/complaint must be taken as true and construed in favor of the *pro se* litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

CLAIMS

The plaintiff alleges that the named defendant, T.R. Craig, the Warden at FCI-Ray Brook in Ray Brook, New York, has violated his rights under the Eighth Amendment of the U.S. Constitution.

RELIEF REQUESTED

Plaintiff seeks damages.

ALLEGATIONS IN THE COMPLAINT

It is not necessary to detail the plaintiff's allegations in his completed complaint form and his attached 6-page typewritten memorandum of law. It is sufficient for today's purposes to summarize his claims as follows:

The plaintiff begins with his placement in a medium security institution, the Federal Bureau of Prisons ("BOP") facility at Ray Brook, N.Y., beginning in November of 2004. He alleges that his custody level points were reduced on November 28, 2005, so that he became a "low security inmate." At that time, he should have been moved to another institution consistent with that level of security. He was not, however. Eight months later, on July 19, 2006, Wongus contends, he was innocently caught in a fight between other prisoners and severely injured. Wongus alleges that his face was cut by a box-cutter blade, which was not detected by the institutional metal detector because it was defective, and the fighting prisoners dared to have such a weapon because they knew the detector to be defective.

Plaintiff Wongus claims to know that his custodians are not insurers of his safety, but they can be held liable nonetheless for gross negligence under the Eighth Amendment and *Farmer v. Brennan* [511 U.S. 825 (1994)]. Further, when he was put into a protective cell in that prison, the

conditions in that cell were "inhumane, disease-breeding and Barbaric," thus constituting another Eighth Amendment violation.

The plaintiff claims that the prison at Ray Brook had an administrative remedy procedure, but when he complained to the officer on duty, "[e]very time ... it never went any further." Evidently, at some point later in 2006, the BOP transferred him from FCI-Raybook to FCI-Ashland.

## DISCUSSION

In his complaint, filed from FCI-Ashland on December 4, 2006, the instant plaintiff touches on a preliminary matter which the Court must address before considering the conditions complained of at the BOP facility in Ray Brook, New York, *i.e.*, the plaintiff's use of the prison's administrative remedy procedures.

This examination is necessary because Congress has mandated that prisoners are required to exhaust a jail's or prison's administrative remedy scheme before coming to federal court. The relevant statute provides as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, exhaustion must be properly in conformity with the administrative remedy scheme. *Woodford v. Ngo*, 126 S.Ct. 2378, 2006 WL 1698937 (June 2006).

The Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies of the documents from the administrative

3

process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Upon the filing of the complaint *sub judice*, the Court initially found that the plaintiff's "explanation of the administrative remedy efforts which he tried [was] insufficient" for demonstrating total total exhaustion of the administrative remedy system and granted him 30 days in which to cure this pleading deficiency. The plaintiff was specifically directed to provide the following:

> A demonstration that available administrative remedies have been exhausted, or a detailed account of all of his attempts to obtain grievance forms, including where, when, and to whom each request for a grievance was made and the topic of each request.

*Id.* In the same Order, the Court warned the plaintiff that it may dismiss this action if he did not timely comply.

In his response [Record No. 7], as he did in the complaint, Plaintiff again provides only a blanket statement that he made attempts to raise the matter administratively, claims that he did not receive a response, and refers to an exhibit to support his claim of exhaustion. This time, he has written that he submitted a grievance "to the officer working at the time," but "never heard from them so I wrote the office of inmate grievances. See Exhibit submitted."

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them

process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Upon the filing of the complaint *sub judice*, the Court initially found that the plaintiff's "explanation of the administrative remedy efforts which he tried [was] insufficient" for demonstrating total total exhaustion of the administrative remedy system and granted him 30 days in which to cure this pleading deficiency. The plaintiff was specifically directed to provide the following:

> A demonstration that available administrative remedies have been exhausted, or a detailed account of all of his attempts to obtain grievance forms, including where, when, and to whom each request for a grievance was made and the topic of each request.

*Id.* In the same Order, the Court warned the plaintiff that it may dismiss this action if he did not timely comply.

In his response [Record No. 7], as he did in the complaint, Plaintiff again provides only a blanket statement that he made attempts to raise the matter administratively, claims that he did not receive a response, and refers to an exhibit to support his claim of exhaustion. This time, he has written that he submitted a grievance "to the officer working at the time," but "never heard from them so I wrote the office of inmate grievances. See Exhibit submitted."

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them

with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

These four administrative tiers have established response times. Section 542.18 provides that as soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Although there are provisions for extensions of time when necessary, the same time regulation also provides, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

The plaintiff's Group Exhibit A, attached to the complaint, resolves the issue. Exhibit A includes a copy of a BP-9, which the plaintiff wrote and evidently submitted in BOP Administrative Remedy No. 357501 on November 3, 2004, while he was confined in FCI-Fort Dix. In it, he requested that his pending transfer to FCI-Ray Brook be postponed, since he would obtain the lower security rating in just 10 months and be eligible for a low-security facility. There is no further reference to this Administrative Remedy anywhere else in the instant record.

This document in Exhibit A demonstrates that two years prior to the instant filing, the plaintiff not only knew of the BOP administrative remedy system but also how to use it. However, he does not demonstrate that he used it with regard to any matter in 2006. The Sixth Circuit has interpreted §1997e as requiring that a prisoner file a grievance against the person he ultimately seeks to sue. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th

5

Cir. 1999). Similarly, each claim which a prisoner wishes to bring must have been exhausted administratively. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). *See also, Bell v. Konteh*, ____ F.3d ____, 2006 WL 1651662 (6th Cir. June 16, 2006), *petition for certiorari filed*, 75 USLW 3248 (October 17, 2006)(No. 06-592). Because the plaintiff has not provided the administrative documents or details required, the Court cannot know what topics and people are complained of.

The other documents comprising Exhibit A are copies of responses which the plaintiff received from the New York Bar Association in September of 2006. They reflect that he had recently written two letters to that Bar Association, to both of which the Association responded that although it has "no jurisdiction over the matter you inquired about, the agency listed below may be able to assist you." Below, the plaintiff was referred to two state agencies: the Office of Inmate Grievances, Department of Correctional Services, and the State Commission of Correction, both having addresses in the state capital, Albany, New York.

With these remaining documents in Exhibit A, the plaintiff purports to show that he exhausted the 2006 "matter" by appealing to higher officials. However, they actually demonstrate that even had he begun the BOP administrative process at the prison, he did not appeal to higher BOP officials regionally and nationally, as the administrative scheme requires, but only to state officials. Therefore, this plaintiff did not exhaust the BOP's available administrative remedy procedures, and this Court must dismiss the instant action for that failure.

The importance of the information exchanged in the administrative remedy process cannot be overstated. Exhaustion is not a mere formality. The Sixth Circuit has repeatedly explained that "the importance of using the prison grievance process [is] to alert prison officials to problems."

*Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). *See also Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Bell v. Konteh*, 450 F.3d 651, 2006 WL 1651662 (6th Cir. June 16, 2006), *petition for certiorari filed*, 75 USLW 3248 (Oct 17, 2006)(NO. 06-592).

In this case, therefore, it is the duty of this Court to enforce the requirement of the statute. *Knuckles-El*, 215 F.3d at 642. Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This January 17, 2007.

Signed By:
Henry R Wilhoit Jr.
United States District Judge